UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARGIE DELOZIER, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 3:19-CV-451-TAV-HBG ) |
| JACOBS ENGINEERING GROUP, INC., and THE TENNESSEE VALLEY AUTHORITY, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge H. Bruce Guyton, entered on February 19, 2021 [Doc. 53], which addresses the motions to dismiss filed by defendants Tennessee Valley Authority ("TVA") and Jacobs Engineering Group, Inc. ("Jacobs") [Docs. 17, 22]. Judge Guyton recommended granting defendants' motions to dismiss in part and dismissing each of plaintiff's claims, except for her claim of temporary nuisance [Doc. 53]. Both TVA and Jacobs filed objections, arguing that Judge Guyton erred in not recommending dismissal of plaintiff's nuisance claim [Docs. 54, 55].[1] Also before the Court are plaintiff's motions

---

[1] The Court entered an expedited briefing schedule in this case, in which it ordered plaintiff to file any response to defendants' objections to the R&R no later than Monday, March 22, 2021 [Doc. 59]. Without addressing her failure to comply with this deadline, plaintiff filed a response to Jacobs's objections to the R&R on Wednesday, March 24, 2021 [Doc. 71]. In an unauthorized sur-reply, plaintiff then indicated that the Court should consider her untimely response because counsel mistakenly believed that the deadline response was March 24, 2021 [Doc. 76]. *See* E.D. Tenn. L.R. 7.1(d) (stating that no supplemental briefs shall be filed without the prior approval of

to amend [Docs. 56, 65] to which defendants have responded [Docs. 66, 67, 69, 70], and plaintiff has replied [Docs. 72, 73]. These matters are now ripe for the Court's review. For the reasons stated below, plaintiff's first motion to amend [Doc. 56] is **DENIED**, but plaintiff's second motion to amend [Doc. 65] is **GRANTED**. The R&R [Doc. 53] is **ACCEPTED AND ADOPTED IN PART**, and defendants' motions to dismiss [Docs. 17, 22] are **GRANTED IN PART** and **DENIED AS MOOT IN PART**. Likewise, defendants' objections to the R&R [Docs. 54, 55] are **OVERRULED AS MOOT**.

## I. Background

Because no party objects to the magistrate judge's factual recitation, the Court adopts the factual background contained in the R&R [Doc. 53, pp. 1–6]. However, for context, the Court will provide a brief background to the instant motions.

On December 22, 2008, an ash waste containment structure owned and operated by TVA at its Kingston Fossil Plant near Kingston, Tennessee failed and released more than one billion gallons of sludge and water into the nearby environment [Doc. 1, ¶¶ 4–7, 26]. Plaintiff claims that the release of toxic ash sludge from the containment structure created a "tidal wave" of water, toxic ash sludge, and fly ash that destroyed several homes, covered local roads and a railroad spur, contaminated drinking wells and municipal water intakes, damaged water lines, killed fish and other flora and fauna, and ruptured a major gas line

---

the Court unless addressing developments occurring *after* the party's final brief was filed). The Court does not find counsel's misunderstanding of the plain language of the Court's expedited briefing scheduled to constitute good cause for allowing the untimely filing. Nevertheless, as discussed herein, defendants' objections to the R&R are denied as moot, in light of the proposed amended complaint, and therefore, considering plaintiff's response would not change the outcome of this matter.

2

in a neighborhood adjacent to the plant [*Id.*, ¶ 27]. Plaintiff further asserts that "[d]ue to the reckless nature of the improper remediation, new radiation and arsenic leaks occurred in 2017 and the leaks continue to the present day" [*Id.*, ¶ 58]. Jacobs was the primary contractor in charge of the cleanup, hired by TVA to be responsible for "safety oversight for TVA and the EPA" [*Id.*, ¶ 67].

Plaintiff Margie Delozier filed this Complaint against Defendants on behalf of "owners of private property and/or residents of private property in Roane County, Tennessee," asserting "claims for personal injury, property damage, trespass, nuisance, and medical monitoring" [*Id.*, ¶ 2]. Plaintiff states that she "bring[s] this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3)" on behalf of three proposed subclasses:

> **Bodily Injury Subclass**
> All current and former residents of Roane County who have been exposed to the toxic coal ash sludge released from the Kingston Fossil Plant, by Defendants, to establish medical monitoring as reasonably anticipated consequential damages resulting from their exposure to the aforementioned toxins.
>
> **Property Owners Subclass**
> Current property owners in Roane Township who have owned and/or resided in their current private residence for at least two years.
>
> **Non-property owner Residents Subclass**
> Roane Township Residents who have lived in or on private property within the township for at least two years.

[*Id.*, ¶ 191].

Plaintiff asserts nine causes of action against Defendants: (1) promissory estoppel; (2) fraudulent concealment; (3) intentional or reckless failure to warn; (4) negligence;

3

(5) negligence *per se*; (6) imposition of liability on TVA from Jacobs's verdict by application of doctrine of offense non-mutual collateral estoppel and for TVA's nondelegable duty; (7) negligent failure to perform baseline medical and perimeter air monitoring; (8) private nuisance; and (9) trespass [*Id*. at 38–73].

Defendants TVA and Jacobs move to dismiss plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6)[2] [Docs. 17, 22]. Specifically, the defendants collectively argue, *inter alia*, that plaintiff has not pleaded the personal injury or causation required for standing, her claims are time-barred, and her claims do not state a claim as a matter of law.

On February 19, 2021, Judge Guyton issued the R&R recommending that defendants' motions to dismiss be granted in part, and that each of plaintiff's claims, except for her nuisance claim, be dismissed [Doc. 53]. Judge Guyton first concluded that plaintiff has alleged sufficient facts which, if true, allow the Court to find that she has standing to pursue her claims [*Id*. at 17–18]. Judge Guyton then concluded that, with the exception of plaintiff's nuisance claim, her remaining claims are barred by the applicable statute of limitations and no tolling exceptions apply [*Id*. at 22–24]. However, with regard to plaintiff's nuisance claim, Judge Guyton concluded that plaintiff has pled facts sufficient to establish a temporary nuisance claim at this stage, which would not be completely barred by the applicable statute of limitations [*Id*. at 29–32]. Finally, Judge Guyton found that,

---

[2] TVA sought dismissal under each of these rules, but Jacobs sought dismissal only under Rules 12(b)(1) and 12(b)(6).

4

accepting the factual allegations of the Complaint as true, plaintiff plausibly avers sufficient facts to allow the Court to draw the reasonable inference that Jacobs is liable for the misconduct alleged [*Id.* at 40].

Both TVA and Jacobs now object to Judge Guyton's determination that plaintiff has established standing, arguing that plaintiff has failed to adequately allege an injury in fact, as required for standing [Docs. 54, 55]. Jacobs also objects to Judge Guyton's finding that plaintiff adequately pled that Jacobs caused her injury with regard to her private nuisance claim [Doc. 54]. Finally, TVA objects to Judge Guyton's determination that the Complaint could plausibly be read to have alleged a temporary nuisance claim [Doc. 55].

Plaintiff did not object to the R&R. Instead, one day after objections to the R&R were due, plaintiff filed a Motion for Leave to Amend Complaint and Extension of Time, in which she states that "[t]he Court had instructed the Plaintiff's [sic] to potentially refine the Complaint for adjudication and to perfect service"[3] [Doc. 56, p. 1]. Plaintiff's motion states that "based upon prior rulings counsel for Plaintiff thought an Amended Complaint was necessary to protect their clients" [*Id.* at 2]. Plaintiff does not attach any proposed amended complaint to this motion.

In an effort to promptly address the motions to dismiss pending in this matter, the Court entered an expedited briefing schedule, ordering defendants to respond to plaintiff's

---

[3] It appears that plaintiff references, in part, Judge Guyton's recommendation in the R&R that plaintiff be provided fourteen (14) days to effect service of process on TVA [Doc. 53, p. 49].

5

motion to amend no later than Wednesday, March 17, 2021, and ordering plaintiff to respond to defendant's objections to the R&R no later than March 22, 2021 [Doc. 59].[4]

On March 16, 2021, one day before the defendant's response to the first motion to amend was due, plaintiff filed her Second Motion for Leave to File Amended Class Action Complaint [Doc. 65]. Plaintiff states that the purpose of the motion is to submit the proposed amended complaint [*Id*. at 1]. Plaintiff argues that the proposed amended complaint explains with more clarity the fact that, in some instances, coal ash is still visibly migrating onto plaintiff's property, which constitutes a nuisance [*Id*.]. Plaintiff contends that leave to file the amended complaint is appropriate because it will prevent her from being prejudiced by the dismissal of her nuisance claim, and such will not prejudice defendants [*Id*. at 2]. Plaintiff further notes that she has not objected to the R&R and contends that allowing the proposed amended complaint would provide the parties with "a better roadmap to the litigation in this case" [*Id*.]. Plaintiff attaches a proposed amended complaint which limits plaintiff's claims to only a "temporary nuisance" claim [Doc. 65-1].

Due to the timing of plaintiff's second motion to amend, the Court entered a second expedited briefing schedule, instructing defendants to respond to plaintiff's second motion to amend no later than March 22, 2021 [Doc. 68]. Both TVA and Jacobs respond in opposition, contending that plaintiff's proposed amendment would be futile [Docs. 69, 70].

---

[4] As noted previously, plaintiff filed a response to defendants' objections on Wednesday, March 24, 2021 [Doc. 71], after this deadline expired, and has not shown good cause for the belated filing. Accordingly, the Court will not consider plaintiff's response.

Plaintiff replies that (1) Jacobs remains involved in overseeing safety at the Kingston Plant, and therefore, there is a causal connection between Jacobs and her alleged injuries, and (2) she has sufficiently pleaded a nuisance claim in the proposed amended complaint [Docs. 72, 73].

## II. Standard of Review

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## III. Analysis

### A. Plaintiff's Non-Nuisance Claims

As an initial matter, Judge Guyton recommended dismissal of each of plaintiff's claims in her initial complaint, with the exception of her nuisance claim [Doc. 53]. Specifically, Judge Guyton concluded that, with the exception of plaintiff's nuisance claim, her remaining claims are barred by the applicable statute of limitations and no

tolling exceptions apply [*Id.* at 22–24]. Judge Guyton found that plaintiff could have discovered her property damage claims (with the exception of her private nuisance claim) prior to November 7, 2016, and her personal injury claims prior to November 7, 2018, with the exercise of reasonable diligence [*Id.* at 24]. Thus, Judge Guyton concluded that plaintiff's claims, except her nuisance claim, were barred by the applicable one-year limitations period for personal injury claims and three-year limitations period for property damage claims [*Id.* at 21, 24].

Plaintiff has filed no objections to the R&R, which she admits in her second motion to amend [Doc. 65, p. 2]. Plaintiff also appears to concede the dismissal of her non-nuisance claims, as she removed all such claims from her proposed amended complaint [Doc. 65-1]. After a careful review of the matter, and particularly in light of plaintiff's apparent concession of these claims, the Court agrees with Judge Guyton's recommendation as to plaintiff's non-nuisance claims. Accordingly, the Court **ACCEPTS AND ADOPTS** the R&R [Doc. 53] in this regard, pursuant to 28 U.S.C. § 636(b)(1), and defendants' motions to dismiss [Docs. 17, 22] are **GRANTED IN PART**. Plaintiff's claims for (1) promissory estoppel; (2) fraudulent concealment; (3) intentional or reckless failure to warn; (4) negligence; (5) negligence *per se*; (6) imposition of liability on TVA from Jacobs's verdict by application of doctrine of offense non-mutual collateral estoppel and for TVA's nondelegable duty; (7) negligent failure to perform baseline medical and perimeter air monitoring; and (8) trespass, are hereby **DISMISSED WITH PREJUDICE**.

8

## B. Motion to Amend

Before addressing the contested portion of the R&R, the Court must first address plaintiff's motions to amend [Docs. 56, 65]. *See Estate of Price ex rel. Davis v. Roane Cnty.*, No. 3:12-cv-634, 2013 WL 3199978, at *1 n.1 (E.D. Tenn. June 24, 2013) (stating that "granting a motion to dismiss before addressing a pending motion to amend can be an abuse of discretion") (citing *Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991)).

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave," however, "when justice so requires." *Id.* Leave is appropriate "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court will first address defendant's first motion to amend the complaint [Doc. 56]. This motion appears to implicate that Judge Guyton instructed plaintiff to amend her complaint in the R&R [*see* Doc. 56, p. 1 ("[t]he Court had instructed the Plaintiff's to potentially refine the Complaint")], but a review of the R&R reveals no such instruction. To the contrary, Judge Guyton recommended dismissal of the majority of plaintiff's claims, not that plaintiff be granted leave to amend her complaint to cure

9

deficiencies. Moreover, Local Rule 15.1 requires a party moving to amend a pleading to attach a copy of the proposed amended pleading to the motion, and failure to comply with this rule is grounds for denial of the motion. *See* E.D. Tenn. L.R. 15.1. Because plaintiff's first motion to amend [Doc. 56] did not include a proposed amended complaint, that motion is **DENIED** for failure to comply with the Court's local rules.

As to defendant's second motion to amend, in their responses, defendants argue that plaintiff's proposed amended complaint would be futile, for the same reasons argued in their objections to the R&R [Docs. 69, 70]. Specifically, defendants contend that the proposed amended complaint does not correct the alleged problems with plaintiff's pleading of the injury in fact or causation elements of standing, nor does it correct the original complaint's failure to properly plead a temporary, rather than permanent, nuisance under Tennessee law [*See id.*].

The Court has carefully reviewed both the original complaint [Doc. 1] and the proposed amended complaint [Doc. 65-1] in this matter. Beyond limiting the claims to a single nuisance claim, the proposed amended complaint includes substantial alterations to the factual allegations that were initially included. For example, as to the standing element of injury in fact, the proposed amended complaint contains many of the same allegations that Judge Guyton found sufficient for purposes of pleading standing, but also adds additional allegations that could further support a finding that plaintiff has adequately pled standing. Plaintiff still alleges that her property was damaged by coal ash emissions [Doc. 65-1, ¶ 10], and that she and her family have ingested, inhaled, and had direct dermal

contact with coal ash through the air, surface water, and/or subsurface soil or water [*Id*., ¶ 11]. Plaintiff also still maintains that this contact with coal ash caused her and her family significant health issues [*Id*., ¶ 12]. In the proposed amended complaint, however, plaintiff adds that the property damage she incurred includes chemical de-coloration of her home, dead or dying vegetation, death of pets, dust-covered furniture, unwanted ash, and corrosion of vehicle paint [*Id*., ¶¶ 16, 33]. Plaintiff further alleges that she has suffered economic harm in that the value of her property has decreased as a result of the coal ash [*Id*., ¶ 38].

In light of these substantial changes, much of which appears to be made directly in response to the issues raised by defendants in their motions to dismiss and objections to the R&R, the Court declines to find that plaintiff's proposed amended complaint would be futile. The Court has also weighed the prejudice to defendants that would result from allowing amendment. Although permitting plaintiff's amendment will render the portions of defendants' motions to dismiss relating to the nuisance claim [Docs. 17, 22] and defendant's objections to the R&R moot, the Court will deny these motions without prejudice, and defendants are free to re-file their motions to dismiss plaintiff's nuisance claim, if they believe that such is warranted in light of the amended complaint. The Court is of the opinion that proceeding on the amended complaint will benefit all parties, as plaintiff's claims are narrower in the proposed amended complaint. Moreover, the Court ultimately concludes that "justice so requires" allowing amendment of the complaint in this instance. Accordingly, plaintiff's second motion to amend [Doc. 65] is **GRANTED**.

11

Plaintiff is therefore **DIRECTED** to file the previously submitted proposed amended complaint [Doc. 65-1] as a new docket entry within **five (5) days** of the entry of this order. Once submitted, this complaint will supersede all previously filed complaints in this matter.

Because the Court has granted plaintiff leave to amend her complaint, only as to her nuisance claim, the portions of defendants' motions to dismiss [Docs. 17, 22] addressing this claim are **DENIED AS MOOT**, and the objections to the R&R [Docs. 54, 55] which relate solely to this claim, are **OVERRULED AS MOOT**. The denial of defendants' motions to dismiss plaintiff's nuisance claim is without prejudice, and defendants may refile their motions to dismiss, to the extent that such is appropriate in light of the amended complaint, within **twenty-one (21) days** of the filing of plaintiff's first amended complaint.

## IV. Conclusion

For the reasons stated above, plaintiff's first motion to amend [Doc. 56] is **DENIED**, but plaintiff's second motion to amend [Doc. 65] is **GRANTED**. Plaintiff is **DIRECTED** to file the previously submitted proposed amended complaint [Doc. 65-1] as a new docket entry within **five (5) days** of the entry of this order.

The R&R [Doc. 53] is **ACCEPTED AND ADOPTED IN PART**, specifically, as the recommendations relating to plaintiff's non-nuisance claims. Defendants' motions to dismiss [Docs. 17, 22] are **GRANTED IN PART**, in that plaintiff's non-nuisance claims are dismissed, and **DENIED AS MOOT IN PART,** to the extent that they seek dismissal of plaintiff's nuisance claim. Likewise, defendants' objections to the R&R [Docs. 54, 55]

12

are **OVERRULED AS MOOT**. Should defendants wish to refile their motions to dismiss in light of the amended complaint, defendants **SHALL** refile such motions no later than **twenty-one (21) days** from the filing of plaintiff's amended complaint.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

13

Case 3:19-cv-00451-TAV-HBG   Document 77   Filed 03/29/21   Page 13 of 13   PageID #: 2135